IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM E. HARTMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. No. 09-261-SLR |
| | ) | |
| MICHAEL DELOY, Warden, | ) | |
| and JOSEPH R. BIDEN, III, | ) | |
| Attorney General of the State | ) | |
| of Delaware, | ) | |
| | ) | |
| Respondents. | ) | |

William E. Hartmann.  Pro se petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for respondents.

**MEMORANDUM OPINION**

September  10  , 2012
Wilmington, Delaware

**ROBINSON**, District Judge

## I. INTRODUCTION

Petitioner William E. Hartmann ("petitioner") is a Delaware inmate in custody at the Sussex Correctional Institution in Georgetown, Delaware. Presently before the court is petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1) For the reasons that follow, the court will dismiss his application.

## II. FACTUAL AND PROCEDURAL BACKGROUND

One night in August 2005, while petitioner's seventeen-year old daughter JH was working at Rite-Aid, her friend CH decided to wait for JH at JH's home. (D.I. 9 at 2) While CH was waiting, petitioner began touching CH on her arms, and eventually touched her chest. (D.I. 9 at 2) CH became distressed, left the house, and went to the Rite-Aid to see JH. CH told JH what happened, and JH revealed that her father had been sexually assaulting her for some time. The two girls went to petitioner's sister's home and told his sister what had occurred that night and what had happened in the past. The police were called the next day, and petitioner eventually admitted that he had both vaginal and oral sexual intercourse with his daughter on several occasions. Petitioner stated that his sexual experiences with his daughter started in the fall of 2003, and that his daughter had always consented. Petitioner acknowledged that he had intended to have sex with CH, believing that she wanted sex as well, but that he was apparently mistaken. *Id.*

Petitioner was originally indicted on two counts of first degree rape, two counts of second degree rape, and one count of unlawful sexual contact in the third degree. However, the indictment was amended on the day of trial, and charged petitioner with

two counts of second degree rape in lieu of the first degree rape charges, and with one count of fourth degree rape in lieu of the other originally charged count of second degree rape. The one count of unlawful sexual contact in the third degree remained unchanged. (D.I. 9 at 1); *see Hartman v. State*, 954 A.2d 910 (Table), 2008 WL 2723573, at *1 & n. 2 (Del. 2008). Petitioner's daughter was the victim of the rape counts and his daughter's friend was the victim of the unlawful sexual contact charge.

A four-day trial ensued, after which a Superior Court jury found petitioner guilty of all four charges. *See Hartman*, 2008 WL 2723573. On direct appeal, the Delaware Supreme Court reversed the convictions and remanded the case, holding that petitioner had been denied his right to self-representation. *See Hartman v. State*, 918 A.2d 1138, 1139 (Del. 2007). Petitioner waived his right to a trial by jury for his re-trial, and represented himself at the August 2007 bench trial where a Superior Court judge again found him guilty on all four counts. *See Hartman*, 2008 WL 2723573, at *1 n.1 (Del. 2008). Petitioner was sentenced to thirty-three years of incarceration, followed by probation. *Id.* at *1. Petitioner's convictions and sentence were affirmed on direct appeal. *Id.*

Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), which was denied. *See In re Hartman*, 2009 WL 930657 (Del. Super. Feb. 5, 2009). Petitioner did not appeal that decision.

Petitioner timely filed a § 2254 application in this court. (D.I. 1) The State filed an answer (D.I. 9), arguing that claim one fails to warrant relief under § 2254(d), and that the remaining claims should be denied as procedurally barred.

## III. GOVERNING LEGAL PRINCIPLES

### A. Exhaustion and Procedural Default

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). One prerequisite to federal habeas review is that a petitioner must exhaust all remedies available in the state courts. See 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider it on the merits. See Duncan v. Henry, 513 U.S. 364, 365 (1995); Castille v. Peoples, 489 U.S. 346, 351 (1989); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); see Teague v. Lane, 489 U.S. 288, 297-98 (1989). Although treated as technically exhausted, such claims are nonetheless procedurally defaulted. Lines, 208 F.3d at 160; Coleman v. Thompson, 501 U.S. 722, 750-51 (1991). Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. See Coleman, 501 U.S. at 750; Harris v. Reed, 489 U.S. 255, 260-64 (1989).

3

A federal court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Coleman v*, 501 U.S. at 750-51. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, if a petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," *Murray*, 477 U.S. at 496, then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Murray*, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - -whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004).

4

## B. Standard of Review

If a state's highest court adjudicated a federal habeas claim on the merits, the federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009). The deferential standard of § 2254(d) applies even "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied"; as recently explained by the Supreme Court, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, ___ U.S. ___, 131 S.Ct. 770, 784-85 (2011).

When reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000); *Miller-El v. Cockrell*, 537 U.S.

322, 341 (2003)(stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

## IV. DISCUSSION

Petitioner's application presents the following four grounds for relief: (1) petitioner was denied due process because the State failed to provide him certain discovery materials; (2) petitioner's daughter and her friend were not credible witnesses because their testimony was inconsistent with prior statements, they did not have the capacity to observe what they testified to, and their vague testimony was unduly prejudicial; (3) petitioner's daughter and her friend committed perjury; and (4) petitioner's daughter consented to each alleged rape.

### A. Claim One

In his first claim for relief, petitioner asserts that he was denied due process because the State failed to provide the following discovery materials: his daughter's interview; his own statements; a search warrant; squad car audio; and crime scene photographs. The Delaware Supreme Court denied the argument as meritless. Therefore, petitioner will only be entitled to habeas relief if the Delaware Supreme Court's decision was contrary to, or an unreasonable application of, clearly established Federal law.

A federal due process claim based on the prosecution's withholding of evidence, or failure to produce evidence, is governed by *Brady v. Maryland*, 373 U.S. 83 (1963). A violation of *Brady* occurs when the government fails to disclose evidence materially favorable to the accused, including both impeachment evidence and exculpatory

6

evidence. *United States v. Bagley*, 473 U.S. 667, 676 (1985). In order to prevail on a *Brady* claim, a petitioner must establish that: (1) the evidence at issue was favorable to the accused, either because it was exculpatory or it had impeachment value: (2) the prosecution suppressed the evidence, either willfully or inadvertently; and (3) the evidence was material. *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999); *Lambert v. Blackwell*, 387 F.3d 210, 252 (3d Cir. 2004) (citing *Banks v. Dretke*, 540 U.S. 668 (2004)). A petitioner demonstrates materiality of the suppressed evidence by showing a "reasonable probability of a different result." *Kyles v. Whitley*, 514 U.S. 419, 434 (1995). In turn, "a reasonable probability of a different result is accordingly shown when the government's evidentiary suppression undermines confidence in the outcome of the trial." *Id.*

In addressing petitioner's discovery violation claim, the Delaware Supreme Court cited *Jackson v. State*, 770 A.2d 506 (Del. 2001), which cited and applied the standard from *Brady*. Therefore, the Delaware Supreme Court's decision in petitioner's case is not contrary to clearly established Federal law. *See Fahy v. Horn*, 516 F.3d 169, 196 (3d Cir. 2008) (Supreme Court of Pennsylvania's decision was not "contrary to" clearly established Federal law because the court appropriately relied on its own state court cases, which articulated the proper standard derived from Supreme Court precedent); *Williams*, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

Additionally, after reviewing the record within the aforementioned framework, the court concludes that the Delaware Supreme Court's rejection of petitioner's

7

"discovery/*Brady*" claim did not involve an unreasonable application of clearly established Federal law. The Delaware Supreme Court denied the instant claim after determining that petitioner's defense counsel from his first trial provided petitioner with all discovery materials prior to his retrial, "with the exception of his daughter's interview and the squad card audio." However, the Delaware Supreme Court then determined that the squad car audio "did not appear to exist," and also explained that petitioner had two different opportunities, prior to his retrial, to view his daughter's interview.

Petitioner has not presented any clear and convincing evidence in this proceeding to rebut the Delaware Supreme Court's conclusion that there was no squad car audio evidence, nor has he presented any evidence rebutting the Delaware Supreme Court's findings that petitioner was either provided with the other evidence or given an opportunity to view the other evidence. Therefore, in these circumstances, the court concludes that the state courts' denial of petitioner's *Brady* claim does not warrant relief under § 2254(d)(1).

## B. Claims Two and Three

In his second claim, petitioner contends that the trial witnesses were not credible because their testimony was inconsistent with prior statements; the witnesses did not have the capacity to observe what they testified to; and their vague testimony was unduly prejudicial. Petitioner's third claim alleges that the witnesses perjured themselves, pointing to the inconsistencies in their testimony between the first and second trials.

It is well-settled that federal courts are not permitted "to redetermine [the] credibility of witnesses whose demeanor has been observed by the state trial court, but

8

not by them." *Marshall v. Lonberger*, 459 U.S. 422, 434-35 (1983). Therefore, to the extent these two claims merely challenge the credibility of the witnesses, they fail to allege a proper basis for federal habeas relief.

However, even if these claims should be liberally construed as alleging federal due process violations, they are unexhausted, because petitioner did not raise the claims to the Delaware Supreme Court on direct or post-conviction appeal. At this juncture, if petitioner attempted to obtain further review of the claims by filing a new Rule 61 motion, the motion would be time-barred under Rule 61(i)(1) and barred by Rule 61(i)(4) as formerly adjudicated. In these circumstances, the claims must be treated as procedurally defaulted, thereby precluding habeas review absent a showing of cause and prejudice.

Although petitioner attempts to establish cause by alleging his lack of knowledge regarding Delaware court procedures and rules, such ignorance does not constitute cause in the procedural default context. *See White v. Carroll*, 416 F. Supp. 2d 270, 282 (D. Del. 2006); *see also Cristin v. Brennan*, 281 F.3d 404, 420 (3d Cir. 2002)("cause cannot be based on the mere inadvertence of the petitioner or the petitioner's counsel to take an appeal."). In the absence of cause, the court will not address the issue of prejudice. Additionally, the miscarriage of justice exception to the procedural default doctrine cannot be applied to excuse petitioner's default, because he has failed to provide any new reliable evidence of his actual innocence. Accordingly, the court will dismiss claims two and three as procedurally barred.

### C. Claim Four

In his final claim, petitioner contends that he should not have been convicted of

9

rape, because he presented a valid defense of consent regarding his sexual relations with his daughter. According to petitioner, the fact that his daughter told him to wait until she had finished whatever activity she was engaged in demonstrated her consent to the sexual acts themselves.

To begin, the trial transcript reveals that petitioner's daughter and her friend consistently testified that they did not consent to petitioner's advances. Thus, to the extent the instant claim is merely a re-phrasing of petitioner's credibility arguments asserted in claims two and three, it does not assert a proper basis for federal habeas relief.

However, on direct appeal, petitioner alleged that his daughter consented to having sex with him, and that he could only have been found guilty of incest. The Delaware Supreme Court rejected this argument, holding that

[i]t was within the prosecutor's discretion to charge [petitioner] in the Superior Court under the rape statute rather than in the Family Court under the incest statute. The evidence at trial was more than sufficient to support the Superior Court's guilty verdict beyond a reasonable doubt.

*Hartman,* 2008 WL 2723573, at *1. Given the similarity between petitioner's instant argument and his appellate argument about his daughter's consent, the court alternatively construes claim four as alleging that there was insufficient evidence to support his rape convictions.[1]

Even this liberal construction, however, does not aid petitioner in his quest for relief. Given the Delaware Supreme Court's adjudication of claim four, the court must

---

[1] In light of the Delaware Supreme Court's explicit reference to the sufficiency of the evidence, the court rejects the State's contention that any insufficient evidence claim must be viewed as procedurally barred.

10

review the claim under the deferential standard contained in § 2254(d) to determine if the Delaware Supreme Court's decision was either contrary to, or involved an unreasonable application of, clearly settled Federal law, or whether the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial.

The clearly settled Federal law governing sufficiency of the evidence claims is the standard articulated in *Jackson v. Virginia*, 443 U.S. 308 (1979). Pursuant to *Jackson*, the relevant question for sufficiency of the evidence claims raised on habeas review is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 318-19.

In this case, petitioner admitted that he started having sex with his daughter when she was sixteen, but he argued that the sexual acts did not constitute rape because his daughter consented to them. After hearing the testimony and viewing the victim's demeanor and emotional state, the Superior Court judge presiding over petitioner's bench trial found petitioner guilty of second and fourth degree rape. More specifically, the Superior Court judge concluded that petitioner intentionally engaged in sexual intercourse with his daughter without her consent, by using force, intimidation, threats, and his status as her father.[2] (D.I. 11, Exh. B119 in Motion to Affirm, *Hartman v. State*, No. 485,2007). The Superior Court judge explained that he made a credibility

---

[2]The judge stated that petitioner "basically created a sex slave," and that he did what he "wanted with her by force or intimidation, by threats of harm. [Petitioner] broke [his] daughter so that [he] could have her when [he] wanted her." *Id.* at B121-B122.

11

determination based on the testimony provided and on the victim's demeanor and emotional state. *Id.* at B120.

Viewing this record within the framework established in *Jackson*, the court concludes that petitioner's daughter's testimony provided ample evidence from which a rational trier of fact could have found the essential elements of second and fourth degree rape and, specifically, that she did not consent to the sexual acts.[3] Additionally, the court defers to the trier of fact's credibility determinations. For these reasons, the court concludes that there was sufficient evidence to support petitioner's convictions for second and fourth degree rape. Accordingly, the court will deny claim four because the Delaware Supreme Court's decision was not contrary to, or an unreasonable application of, *Jackson*, nor did it involve an unreasonable determination of the facts in light of the evidence presented.

## V. PENDING MOTION

During the pendency of this proceeding, petitioner filed a document titled "motion to amend." (D.I. 14) To the extent the motion attempts to amend petitioner's original application by adding a new double jeopardy claim, the court will deny it. The motion to amend was filed well-outside the one-year limitations period applicable to § 2254 applications, and it seeks to add an entirely new claim to petitioner's § 2254 application that does not relate back to the claims asserted in the original timely § 2254 application. Accordingly, the court will not permit the amendment. *See* Fed. R. Civ. P. 15(a), (c);

---

[3]The judge stated that petitioner "basically created a sex slave," and that he did what he "wanted with her by force or intimidation, by threats of harm. [Petitioner] broke [his] daughter so that [he] could have her when [he] wanted her." *Id.* at B121-B122.

*see also Mayle v. Felix*, 545 U.S. 644 (2005); *United States v. Duffus*, 174 F.3d 333, 336-37 (3d Cir. 1999)(finding that a new ineffective assistance of counsel claim asserted in a motion to amend after AEDPA's limitations period had already expired did not relate back to an ineffective assistance of counsel claim asserted in the original timely habeas petition); *United States v. Thomas*, 221 F.3d 430, (3d Cir. 2000)("Under Fed. R. Civ. P. 15(c), an amendment . . . clarif[ying] or amplif[ying] a claim or theory in the petition may, in the District Court's discretion, relate back to the date of the petition if and only if the petition was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case").

However, to the extent the motion merely attempts to supplement petitioner's original application with additional "facts," or constitutes a response to the State's answer, the court will permit the supplementation. The court notes that it has considered any "supplemental" information contained in said motion during its review of the instant application.

## VI. CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a certificate of appealabilty. *See* 3d Cir. L.A.R. 22.2 (2011). The court may issue a certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Further, when a federal court denies a habeas application on procedural grounds

13

without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484.

For the reasons stated above, the court concludes that petitioner's habeas application must be denied. Reasonable jurists would not find this conclusion debatable. Consequently, petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

## VII. CONCLUSION

For foregoing reasons, the court will deny petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254. An appropriate order will be entered.

14